## NASH v PLUMBERS LOCAL UNION 519
### Case No. 90-013 AP (Lower Court Case No. 89-8856 SP05)
Eleventh Judicial Circuit, Dade County

November 13, 1990

### APPEARANCES OF COUNSEL

**Richard C. Carter, Esquire,** for appellant.

**Angela M. Nixon, Esquire,** Kaplan & Bloom, P.A., for appellee.

Before TENDRICH, DONNER, LEVINE, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant, James Nash, was a member of the Plumbers Local Union 501, the Appellee. Nash failed to abide by the rules and regulations of the Union, and, after an administrative trial, he was fined $1,500. The fine amount was later approved by the General Executive Board, as

required when a fine is proposed in an amount more than $500. Mr. Nash failed to pay the fine, and the Union brought suit. The lower court awarded the Union the $1,500, plus costs, Nash appeals on two issues.

First, Nash claims that the Union filed suit after the applicable statute of limitations had expired, and that the suit was therefore barred. The Union filed its administrative charges against Nash on March 22, 1984. The administrative trial was conducted by the Plumbers Local Union Executive Board on May 24, 194. On the same date, a fine was recommended against Nash for $1,500. According to the Union constitution, any fine over the amount of $500 required the approval of the General Executive Board, a national governing board, before it could be assessed against the Union member. The General Executive Board gave its final approval of the fine amount on September 27, 1984 and imposed the fine on Nash. Nash never paid the fine, and the Union filed suit on May 22, 1989 to recover the fine amount.

The Union brought suit to recover the fine amount, not to relitigate the underlying conduct that led to the union charges and fine assessment. Nash never became liable for the fine until the General Executive Board approved the fine and imposed it against Nash on September 27, 1984. A cause of action never existed for the Union to recover the fine amount until September 27 or thereafter, when Nash failed to pay the fine. Thus, since the suit was filed within five years of September 27, 1984, which is the time allowed the applicable statute of limitations, the suit is not barred. The trial court was correct in denying Nash's motion to dismiss.

The second ground asserted by Appellant Nash concerns the refusal of the trial court to permit evidence of an affirmative defense, namely that the General Executive Board of the union failed to send him certified notice of the proposed fine. The trial court ruled that the affirmative defense should not be permitted because no mention was made of the defense in pretrial pleadings or at a pretrial conference. Florida Small Claims Rule 7.090(c) states that no defensive pleadings are required. SCR 7.090(b), regarding pretrial conferences, does not specifically include a disclosure requirement for affirmative defenses, but the trial judge may order consideration of any matter that seems appropriate. In the present case, it does not appear from the record that the court ordered disclosure of affirmative defenses at the pretrial conference. Thus, it was error to preclude Appellant from introducing evidence regarding the absence of notice as to the fine.

Therefore, the matter is remanded to the trial court to allow Nash to present evidence on the purported affirmative defense.

2

AFFIRMED in part, REVERSED in part, and remanded.